UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM C. BARNETT, II                                                       PLAINTIFF

v.                                      CIVIL ACTION NO. 3:13-CV-00032-CRS-DW

LOUISVILLE METRO POLICE DEPARTMENT, et al.            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court for consideration of the Report and Recommendation of the United States Magistrate Judge that the cross-motion of the defendants, Louisville Metro Police Department ("LMPD") and Sgt. John Lewis ("Sgt. Lewis") (collectively, "Defendants"), for summary judgment (DN 18) be granted and that the motion of the plaintiff, William C. Barnett, II ("Barnett"), for summary judgment (DN 12) be denied. (DN 27). The court has conducted a *de novo* review of those portions of the report to which Barnett has filed objections. Upon review of the magistrate judge's report in conjunction with the record in this matter, this court concludes that the magistrate judge's findings of fact, conclusions of law, and recommendation should be accepted and adopted in their entirety.

      Barnett filed timely objections to the magistrate's Report and Recommendation. (DNs 29, 30). Objections to a magistrate judge's report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In the instant action, Barnett primarily objects to the magistrate judge's factual determinations and raises new allegations of conspiracy. A brief recitation of the facts is necessary to place Barnett's objections in context.

The relevant facts are as follows. Barnett is a former sergeant with the LMPD who, with his ex-wife, LMPD Lieutenant Lavita Chavous ("Chavous"), has two daughters. Barnett and Chavous have a contentious history.[1] In 2008, the Jefferson Circuit Court granted Barnett temporary custody of his daughters. (DN 30, p. 18–19). In May 2012, Barnett's sixteen-year-old daughter, K.B., ran away from Barnett's residence to stay with Chavous and Chavous' mother. When Barnett learned of K.B.'s whereabouts, Barnett brought criminal charges of custodial interference against Chavous' mother. Chavous' mother pled guilty to a misdemeanor offense in Oldham County in July 2012. K.B. returned to Barnett's home on July 16, 2012, the same day as the events that led to this lawsuit.[2]

On the evening of July 16, 2012, Barnett called the LMPD to come to his residence for help with K.B. because she was "out-of-control." When the officers arrived, Barnett was standing outside the home while K.B. was in the kitchen. Once on the scene, Sgt. Lewis interviewed Barnett and K.B. separately and would not permit Barnett entry into his home. Barnett then responded that the officers would only be allowed to go into the kitchen of his home.

Sgt. Lewis ultimately determined that K.B. needed to be removed from the home. An LMPD officer escorted K.B. to her bedroom so she could gather her clothing in a black garbage bag. The officer then took the bag outside to a waiting police car, but Barnett immediately took the bag from the car and moved toward the house. Sgt. Lewis ordered Barnett to drop the bag

---

[1] In his objections to the magistrate's Report and Recommendation, Barnett describes the various complaints he has made against Chavous. Specifically, Barnett alleges that Chavous violated the Jefferson Family Court's custody order by allowing K.B. to stay with her after K.B. ran away in May 2012. Barnett further alleges that Chavous violated the Kentucky Social Workers' Code of Ethics, 201 KAR 23:080, by marrying the social worker appointed for Chavous' adopted son.
[2] The Report and Recommendation mistakenly indicates that these events occurred on July 16, 2013, but it is undisputed that this incident occurred on July 16, 2012.

and, according to Barnett, physically placed his hand in the center of Barnett's chest. Sgt. Lewis ultimately allowed Barnett to reenter his home and inspect the bag's contents.

Barnett filed an action against Defendants in Jefferson Circuit Court in December 2012, which Defendants subsequently removed to this court. In the complaint, Barnett alleged that Sgt. Lewis conducted a warrantless search of Barnett's home, removed property from Barnett's home without a warrant or other legal authority, and physically prevented Barnett from reentering his home "by striking the Plaintiff in the chest with his hand." (Compl., DN 1-1). The parties filed cross-motions for summary judgment (DNs 12, 18), which were referred to the presiding magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B). (DN 21). In his Report and Recommendation, the magistrate judge recommends granting Defendants' cross-motion for summary judgment and denying Barnett's motion for summary judgment. (DN 27).

Barnett objects to the magistrate judge's conclusions concerning Defendants' decision to permit K.B. to go to the second floor of Barnett's home to remove clothing. This objection is, essentially, a reiteration of the arguments set forth in Barnett's motion for summary judgment. (*See* DN 12). Those arguments were considered and rejected by the magistrate judge and Barnett offers no additional argument which would persuade this court to differ with the magistrate's recommendation. The magistrate judge correctly determined that this alleged seizure of property was a *de minimus* violation and could not serve as the basis of a § 1983 Fourth Amendment claim.

In his objection, Barnett also raises new claims of a conspiracy between LMPD and Chavous. Barnett contends that Defendants have "deliberately covered up the fact that Lt Chavous was in violation of court orders issued by Family Court Division One and that Lt Chavous and [her husband] had violated 201 KAR 23:080 Code of ethical conduct and to violate

his civil rights." (DN 30, p. 5). Barnett further contends that the magistrate incorrectly determined that Sgt. Lewis could invoke the defense of qualified immunity because "Lt Chavous conspired with Sgt Lewis to remove property from his [Barnett's] home and to allow KB to remove whatever she wanted from his home." (*Id.*). According to Barnett, the LMPD has misled the court to "cover up" Sgt. Lewis's wrongful act of allowing property to be removed from Barnett's home.[3]

In addition, Barnett objects to the magistrate's characterization of his location during the events of July 16, 2012. Barnett claims that he was not standing on the front porch during his interaction with the LMPD, but rather was on the side of his home and had no view of the front of his house. Finally, Barnett contends that Chavous instructed K.B. to "cause a domestic" which would require Barnett to call the police.

Barnett also claims that he recorded K.B.'s actions of being "disrespectful and spiteful," and that the recording continued throughout the LMPD's investigation. According to Barnett, this recording "directly contradicts LMPD officers [sic] statements that plaintiff was trying to control the situation." (DN 30, p. 3). The remainder of Barnett's objections have no bearing in this matter, as they address alleged wrongdoings of Chavous, who is not a party to this action.

These objections constitute a reiteration of the arguments previously raised by Barnett in his motion for summary judgment. (*See* DN 12). These arguments were thoroughly considered and addressed in the magistrate judge's detailed 28-page report. The magistrate judge correctly determined that Sgt. Lewis was entitled to qualified immunity because Barnett failed to establish that Sgt. Lewis's actions violated a constitutional right. Further, to the extent that the magistrate

---

[3] Barnett claims that the LMPD attempted to mislead the court by mischaracterizing the size of bag that was used to remove K.B.'s clothing from the house, and by stating that Barnett accused the LMPD of removing money from his home.

mischaracterized any of the factual circumstances underlying the instant action, such alleged mischaracterization would not alter the conclusions reached by the magistrate judge. Finally, Barnett's conspiracy allegations were not included in his complaint, and Barnett cannot effect an amendment to the complaint by including this claim for the first time in his objections to the Report and Recommendation. As such, Barnett's challenges are wholly without merit.

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Report and Recommendation of the United States Magistrate Judge (DN 27) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the objections of plaintiff William C. Barnett, II thereto (DNs 29, 30) are **OVERRULED**.

A separate order and judgment will be entered this date in accordance with this memorandum opinion and order.

**IT IS SO ORDERED.**

January 16, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:
Counsel of Record
Petitioner, *pro se*

5